**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-6874**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HYKEEM DESHUN COX, a/k/a Chub,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:19-cr-00529-TDS-3)

_____

Submitted:  February 27, 2025                                        Decided:  March 4, 2025

_____

Before KING and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Peter D. Zellmer, PETER D. ZELLMER, PLLC, Greensboro, North Carolina, for Appellant.  Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hykeem Deshun Cox appeals the district court's order denying Cox's 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. On appeal, Cox's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court abused its discretion by denying Cox's motion. Cox has not filed a pro se brief after being informed of his right to do so, and the Government has declined to file a brief.

We review the denial of a motion under § 3582(c)(2) for abuse of discretion. *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). In deciding whether to grant a motion for a sentence reduction, the district court must first determine whether the defendant is eligible for the reduction, consistent with U.S. Sentencing Guidelines Manual § 1B1.10, p.s. (2024), and then "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)," *Dillon v. United States*, 560 U.S. 817, 826 (2010), "to the extent that they are applicable," 18 U.S.C. § 3582(c)(2). The court may also "consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment" in determining whether, and to what extent, a sentence reduction is warranted. USSG § 1B1.10, p.s., cmt. n.1(B)(iii).

Our review of the record leads us to conclude that the district court did not abuse its discretion in denying Cox's motion. The district court found Cox was eligible for a sentence reduction and correctly calculated his amended advisory Guidelines range. It then considered Cox's arguments and the § 3553(a) factors and determined that a sentence reduction was not warranted. The district court adequately explained its decision, and it

2

did not abuse its discretion finding the § 3553(a) factors weighed against reducing Cox's sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's order. *United States v. Cox*, No. 1:19-cr-00529-TDS-3 (M.D.N.C. Aug. 19, 2024). This court requires that counsel inform Cox, in writing, of the right to petition the Supreme Court of the United States for further review. If Cox requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cox.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*